UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| M.E.A.C. ENGINEERING, LTD<br>2 ABA HILEL STREET, # 5808<br>RAMAT GAN 5250601<br>ISRAEL<br>      Plaintiff<br>v.<br><br>CARDINAL HEALTH, INC.<br>1500 S WAUKEGAN ROAD<br>WAUKEGAN, ILLINOIS 60085<br>      Defendant | Civil Action No.: 23-cv-16471 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MEAC Engineering LTD ("MEAC"), by its undersigned counsel, alleges as follows for its complaint against Defendant Cardinal Health Inc. ("Cardinal").

**THE NATURE OF THIS ACTION**

1. MEAC brings this action against Cardinal pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patents No. 8,506,554 ("the '554 Patent) titled "Wound Closure and Drainage System" and U.S. Patent No. 8,858,534 (the '534 Patent) titled "Wound Closure and Drainage System." The '554 and '534 patents protect the inventions of Plaintiff in the area of Negative Pressure Wound Therapy (NPWT). Defendant has been made aware of the Patents-in-Suit but have continued to infringe and have refused to cease its infringing actions, thereby necessitating this lawsuit.

**THE PARTIES**

2. Plaintiff MEAC is an Israel corporation located at: 2 Aba Hill St., # 5808, Ramat Gan 5250601, Israel. MEAC is the owner of the patents-in-suit by assignment.

3. Defendant Cardinal is an Ohio Corporation with a headquarters at 7000 Cardinal Place, Dublin, Ohio. Cardinal manufactures, uses, offers to sell and sells the accused products throughout the United States. Cardinal Health has at least 15 locations in and around the Chicago area, including corporate offices in Waukegan, Illinois. The accused products are supported from corporate offices at 1500 S Waukegan Road, Waukegan, Illinois 60085 and are believed to be manufactured and distributed from the adjacent facility at 1400 S Waukegan Road.

4. Defendant, and customers of Defendant, use the accused products to practice the claimed methods of the Patents-in-Suit.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 *et seq*.

6. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question, and 28 U.S.C. §1332 diversity jurisdiction.

7. This Court has personal jurisdiction over Defendant Cardinal Health because Defendant is located within this judicial district and has at least fifteen regular and established places of business in this judicial district, including facilities in Waukegan Illinois with a direct connection to the accused product.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(b). Upon information and belief, Defendant has a facility directly related to the accused products, directly related to servicing the accused products and directly related to assisting customers in the activities accused of infringing the method claims of the

asserted patents. Defendant is doing business in this judicial district, has committed acts of infringement and has regular and established places of business in this District and has hundreds of employees conducting regular and established business in this judicial district.

9. This Court has personal jurisdiction over Defendant and venue is proper over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Illinois and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within This District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District. Defendant employs full time personnel within this District in positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Illinois. In addition, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

**BACKGROUND AND GENERAL ALLEGATIONS**

10. In 2005, Mr. Carmeli Adahan filed a patent application for his invention which advanced the treatment of wound care. His inventive Negative Pressure Wound Treatment system was granted several US and international patents, including the patents-in-suit, 8,506,554 and 8,858,534. The patents claim devices which provide wound closure and drainage. The '554 patent also claims a method for treating wounds with negative pressure.

11. Defendant manufactures and sells products know generally as Negative Pressure Wound Therapy equipment, including the following:

Catalyst, SVED, Ally and Pro models of Cardinal Health's NPWT devices.

12. The accused Cardinal Health products infringe claims of the '554 and '534 patents.

13. On August 13, 2013, United States Patent No. 8,506,554 ("the '554 Patent"), entitled "Wound closure and drainage system" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '554 Patent claims patent-eligible subject matter and is valid and enforceable. MEAC is the exclusive owner by assignment of all rights, title, and interest in the '554 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '554 Patent. Defendant is not licensed to the '554 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '554 patent whatsoever. A true and correct copy of the '554 Patent is attached hereto as **Exhibit A**.

14. On October 14, 2014, United States Patent No. 8,858,534 ("the '534 Patent"), entitled "Wound closure and drainage system" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '534 Patent claims patent-eligible subject matter and is valid and enforceable. MEAC is the exclusive owner by assignment of all rights, title, and interest in the '534 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '534 Patent. Defendant is not licensed to the '534 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '534 patent whatsoever. A true and correct copy of the '534 Patent is attached hereto as **Exhibit B**.

15. The '554 and '534 Patents are referred to herein as the "patents-in-suit." Plaintiff

MEAC is the owner of the entire right, title, and interest in and to the patents-in-suit. The patents-in-suit are presumed valid under 35 U.S.C. § 282.

### THE PATENTS

16. The claims of the '534 patent are directed to "a vacuum system for applying negative pressure to a wound" and to "a method for applying negative pressure to a wound." The '534 patent contains eighteen claims directed to the system and four claims directed to the method, Claim one of the '534 patent recites:

1. A vacuum system for applying negative pressure to a wound, the vacuum system comprising:

> an enclosure,
> a venting arrangement,
> a tube,
> a vacuum source,
> and a controller:
> the enclosure being attachable to a periphery of the wound so as to define a confined volume;
> the enclosure having an enclosure outlet connectable to said vacuum source via said tube so that negative pressure can be selectively created in said volume;
> the venting arrangement comprising a flow restrictor to restrict flow through said venting arrangement and to thereby provide a controlled flow of ambient air into said vacuum system upstream of the vacuum source;
> the controller configured for controlling operation of the vacuum source while providing venting of the vacuum system via said venting arrangement to provide a desired level of said negative pressure in said confined volume.

17. The '554 patent is directed to "an enclosure for applying negative pressure to a wound," "a disposable assembly for applying negative pressure to a wound" and "a vacuum system for applying a negative pressure to a wound." The '554 patent contains seven claims directed to the enclosure, four claims protecting the disposable assembly and eighteen claims reciting the vacuum system of the invention. Claim one of the '554 patent recites:

1. An enclosure for applying negative pressure to a wound,

the enclosure being attachable to the wound circumference so as to define a confined volume, and comprising
a tube and a venting arrangement,
the enclosure having an enclosure outlet connectable to a vacuum source via said tube so that negative pressure can be selectively created in said volume,
said venting arrangement located outside said enclosure and comprising a flow restrictor to restrict flow through said venting arrangement located outside said enclosure and comprising a flow restrictor such that ambient air can enter said tube via said venting arrangement and flow to said vacuum source without having to enter said enclosure.

**INFRINGEMENT**

18. The Cardinal NPWT Systems and components infringe claims of both the '554 and the '534 patents.

19. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '554 and the '534 Patents, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

20. Defendant also indirectly infringes the '554 and '534 patents by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has knowingly and intentionally actively aided, abetted and induced and continues to induce others to directly infringe at least one claim of the '554 and '534 patents, including its customers throughout the United States. Defendant continues to induce infringement of the '554 and '534 patents. Defendant has contributorily infringed and continues to contributory infringe under 35 U.S.C. §271(c) because, with knowledge of the '554 and '534 patents, Defendant supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '554 and '534 patents, Defendant supplies the technology that allows its customers to infringe the patents, including the method

claims.

21. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe and when used according to Defendant's instructions for operation, or parts are supplied, indirectly infringe claims of the '554 and '534 Patents.

22. Attached as Exhibits to the Complaint are claim charts demonstrating the correspondence of the operation of the accused products with elements of exemplary claims of the '554 and '534 patents.

23. Defendant and its customers have continued infringement. The accused products satisfy the elements of the asserted claims:

> **'534 Claim 1 - A vacuum system for applying negative pressure to a wound, the vacuum system comprising: an enclosure, a venting arrangement, a tube, a vacuum source, and a controller:**



The accused devices are NPWT systems which are vacuum systems with a vacuum source and a controller,

attaches to an exudate canister. The powered suction pump delivers negative pressure to the dressing to aid in the removal of exudate from the wound into the exudate canister. The drape strips are used to patch any air leaks

**the enclosure having an enclosure outlet connectable to said vacuum source via said tube so that negative pressure can be selectively created in said volume;**

11. Peel the backing from the SpeedConnect™ port and place it over the hole made in Step 10 (**Figures 11-12**). Using the tips of the fingers, press around the top of the SpeedConnect™ to ensure a good seal to the dressing.
12. Connect the distal end of the SpeedConnect™ Tubing with the blue tapered connector to the open port of the Canister (**Figure 13**). Gently twist and push the connector on just enough to secure and seal it.



Figure 10



Figure 11



Figure 12



Figure 13

8. Size and trim the Cardinal Health™ Polyurethane Drape to cover dressing plus a 3-5 cm border of intact skin (extra pieces of drape can be used to seal dressing leaks) (**Figure 4**).

**the enclosure being attachable to a periphery of the wound so as to define a confined volume;**



Figure 4

9. Remove the drape's release liner starting with tab A (**Figure 5**). Invert and place over the Cardinal Health™ NPWT foam dressing and peri-wound (**Figure 6**) and continue removing the contact layer with tabs B and C (**Figures 7-8**). Remove the remaining perforated tab (**Figure 9**). Gently press drape material down around the wound site and over the Cardinal Health™ NPWT foam dressing to ensure dressing is properly sealed.



Figure 5



Figure 6

**the venting arrangement comprising a flow restrictor to restrict flow through said venting arrangement and to thereby provide a controlled flow of ambient air into said vacuum system upstream of the vacuum source;**



The dual lumen tubing provides a negative pressure vacuum in one lumen and a controlled vent in the other lumen.

**the controller configured for controlling operation of the vacuum source while providing venting of the vacuum system via said venting arrangement to provide a desired level of said negative pressure in said confined volume.**



24. Defendant has infringed, and continues to infringe, at least claims 1 - 29 of the '554 Patent and claims 1 - 22 of the '534 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, offering to sell, selling and/or importing into the United States, vacuum systems, enclosures, disposable assemblies that infringe the asserted claims and by performing the claimed methods in the United States, (b) by inducing others to use the accused products and/or

sell the accused products and to perform the claimed methods in the United States, (c) by contributing to the infringement of others and by selling components of the patented systems, including dual lumen tubing, enclosures, and disposable elements and (b & c) by selling a product for performing the patented process. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe. Defendant continues to sell accused products inducing and contributing to infringement by others and also continue to perform infringing activity by performing the claimed method in the United States.

25. The Cardinal NPWT Systems are infringing systems and thus directly infringe '554 Claims 12-23 and 25-29 and '534 Claims 1-18. The systems include an enclosure and thus directly infringes '544 Claims 1- 7 and 25. The systems also include a disposable assembly and thus directly infringes '554 Claims 8 - 11. The systems are used to perform the method of Claims 19 - 22 of the '534 patent and thus directly and indirectly by inducement, infringe Claims 19-22 of the '534 patent.

26. The '534 patents is also infringed under 35 USC 271(a) when an accused product is "used" by Defendant to perform the applying negative pressure method of claims 19 - 22 of the '534 patent; the '534 patent is infringed under 271(b) when Defendant "induces" others to practice the claimed method; the '534 patent is infringed under 271(c) when Defendant provides components for use by others in practicing the patented method.

27. Upon information and belief, Defendant has directly infringed one or more of claims of the '554 and '534 patents under 35 USC §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the

patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing accused products and/or by practicing the claimed method in the United States. Defendant continues to infringe claims of the '554 and '534 Patents.

28. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '554 and '534 patents under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

29. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '554 and '534 patents under 35 USC §271(c):

> (c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

by providing accused products, and other components and supplies, which are combined to form an infringing product and/or used in practicing methods which infringe the claims of the '554 and '534 patents, thus contributing to the infringement of the '554 and '534 patents.

30. Defendant does not have a license or authority to use the '554 or the '534 Patent. Defendant has been willfully infringing the '554 and '534 Patents since at least as early as they became aware of the patents-in-suit. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to

-11-

engage in further attempts to reach a business resolution. Instead, Defendant has intentionally continued their knowing infringement.

31. As a result of Defendant's infringement of the '554 and '534 Patents, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I
## INFRINGEMENT OF U.S. PATENT
## NO. 8,506,554 BY CARDINAL HEALTH

32. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

33. Defendant Cardinal has infringed, and continues to directly infringe, at least claims 1 - 29 of the '554 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

34. Upon information and belief, Defendant Cardinal has indirectly infringed one or more of the claims of the '554 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems which infringe the claims of the '554 patent, thus contributing to the infringement of the '554 patent.

36. Cardinal does not have a license or authority to use the '554 Patent.
As a result of Cardinal's infringement of the '554 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II
## INFRINGEMENT OF U.S. PATENT
## NO. 8,858,534 BY CARDINAL

37. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

38. Defendant Cardinal has infringed, and continues to directly infringe, at least claims 1 - 29 of the '534 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States and by practicing the claimed method.

39. Upon information and belief, Defendant Cardinal has indirectly infringed one or more claims of the '534 patents under 35 USC §271(b) by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

40. Upon information and belief, Defendant Cardinal has indirectly infringed one or more of the claims of the '534 patent under 35 USC §271(c) by providing accused products, and components and supplies, which are used as components of infringing systems and in practicing a patented process and which are used to practice methods which infringe the claims of the '534 patent, thus contributing to the infringement of the '534 patent.

41. Cardinal does not have a license or authority to use the '534 Patent.

42. As a result of Cardinal's infringement of the '534 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## PRAYER FOR RELIEF

For relief for the forgoing, Plaintiff asks this Court:

A. For a judgment declaring that Defendant has infringed the '554 Patent.

B. For a judgment declaring that Defendant's infringement of the '554 Patent has been willful;

C. For a judgment declaring that Defendant has infringed the '534 Patent.

  D. For a judgment declaring that Defendant's infringement of the '534 Patent has been willful;

  E. For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

  F. For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '554 and '534 Patents in an amount to be determined at trial;

  G. For a judgment and order awarding a compulsory ongoing royalty;

  H. For a judgment declaring that Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. 284;

  I. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

  J. For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

  K. For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Respectfully Submitted:

 */s/ Joseph J. Zito*
Joseph J. Zito
Whitestone Law
1850 Towers Crescent Plaza, #550
Tysons, Virginia 22182
202-466-3500
jzito@whitestone.law

Attorneys for Plaintiff
*MEAC Engineering*